# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| IBC ADVANCED TECHNOLOGIES, INC., and STEVEN R. IZATT<br><br>*Plaintiffs*,<br><br>vs.<br><br>UCORE RARE METALS INC., JIM MCKENZIE, and PETER MANUEL,<br><br>*Defendants*. | ORDER ON MOTIONS FOR LEAVE TO FILE UNDER SEAL<br><br>2:19-cv-00222-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Pead pursuant to 28 U.S.C. §636(b)(1)(A). Before the court are three non-dispositive motions (collectively the "Motions"): 1) Defendant Ucore Rare Metals, Inc.'s ("Ucore") *Motion for Leave to File Exhibit A of Notice of Removal Under Seal* ("First Motion", ECF No. 3); 2) Ucore's *Motion for Leave to File Defendant Ucore Rare Metals Inc.'s Motion to Dismiss, or, in the Alternative, to Stay and Memorandum in Support Under Seal along with Exhibits D, E, G, and H* ("Second Motion", ECF No. 7); and, 3) IBC Advance Technologies, Inc.'s ("IBC") *Motion to File Under Seal Plaintiffs' Memorandum in Opposition to Defendants Ucore's Motion to Dismiss, or in the Alternative, to Stay* ("Third Motion", ECF No. 19).

1

**DISCUSSION**

This case was removed from Third District Utah State Court ("Kendall Action"). *Id.* The Utah State Courts have a record classification system that permits courts to designate filed documents as public, protected, private or sealed. *See* Utah Rules of Judicial Administration 4-202 et. seq. Prior to the removal from state court to federal court, the Honorable William Kendall, State of Utah Third District Judge, designated the Complaint (ECF No. 4) as a protected document thereby restricting who could obtain a copy from the state court. *See* ECF No. 2-4; *see also* Utah Rules of Judicial Administration 4-202 et. seq.

In a separate yet related state court action that involves the same parties and similar disputes, Third District Court Judge Laura Scott issued orders in case no. 190900129 ("Scott Action") classifying most of the pleadings as protected. Ucore now seeks to seal those same pleadings in this action by virtue of Judge Scott's orders. The Scott Action was dismissed.

Protected court records in state court actions may include attorney's work product, records that are subject to attorney client privilege, bids or proposals until the submission deadline has closed, court security plans, records that would impair government procurement, strategy about collective bargaining or records of the Children's Justice Center. *See* Utah Rules of Judicial Administration 4-202.02(5).

The United States District Court for the District of Utah does not have an equivalent local rule that permits courts to classify documents as protected. Instead parties must move to seal a document pursuant to the District of Utah Rules of Practice. In general, "[t]he records of the court are presumptively open to the public." DUCivR 5-3(a)(1). Furthermore, the sealing of "…pleadings, motions, memoranda, exhibits, and other documents or portions thereof [] is

highly discouraged" unless a document contains privileged information, is protectable as a trade secret, or is otherwise protectable under the law. *Id.* The public shall have access to documents unless restricted by statute or court order. *See* Id. In addition, the court may seal a document upon a showing of good cause. *See* Id.

   A. First Motion.

Ucore seeks to seal the entire Complaint based upon the prior ruling from Judge William Kendall classifying the document as protected. *See* First Motion at 1. In the Kendall Action, IBC sought to designate the Complaint as protected claiming information contained therein is confidential. *Id.* The request was made ex parte and before Ucore had accepted service. *Id.* at 2. This court, however, has not been provided a copy of IBC's ex parte motion that was filed in the Kendall Action.

Separately, upon receipt of the First Motion, IBC has not lodged its own narrowly-tailored motion, consistent with the mandates of DUCivR 5-3(b)(2)(C)(i), explaining what specific information contained in the Complaint is truly deserving of protection. Likewise, the parties have not independently pointed the court to any privilege that would restrict the Complaint from access by the public. Even if such information had been filed, the court may embark on its own review to determine if the documents should remain sealed. *See* DUCivR 5-3(b)(3).

Here, the Complaint contains facts that may give rise to causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, fraud claims, breach of fiduciary duties, and unjust enrichment. The statements in support of these claims are generally not protected from the public pursuant to statute, rule or case law.

Moreover, the parties have not identified a secret scientific process that if disclosed would jeopardize a company's competitive status in a market. Instead, in many paragraphs in the Complaint, IBC references information that was already contained in Ucore's public press releases or the notable public research or speeches of the parties involved in this action. Such details are undeserving of protection from public review.

While some financial data does appear in the background section of the Complaint, it relates to Ucore's 2018 Financial Statements that are available on the Internet or data that Ucore had made public independent of its Financial Statements. Furthermore, the Complaint, which consists of approximately 38 pages and more than 180 paragraphs, contains only one sentence in paragraph 58 that is redacted. It is unclear why the sentence is redacted as the parties have not filed an unredacted copy of the Complaint with this court, despite the mandates of DUCivR 5-3(b)(1).

Because some of the content contained in the Complaint is already in the public sphere, good cause is not present to seal the entire document. Balancing the mandates of DUCivR 5-3 with Judge Kendall's order protecting the contents of the Complaint, however, the court is unwilling to expose the entire Complaint to the public at this juncture. Therefore, pursuant to Fed. R. Civ. P. 5.2(d), the Court authorizes IBC to file a properly redacted version of the Complaint for the public record. IBC should redact only the specific information that is truly deserving of protection.

B.  Second Motion.

Ucore seeks to seal the entirety of its Motion to Dismiss and to Stay ("MTD", ECF No. 8) or, in the alternative, to seal Exhibits D, E, G, and H, which are attached thereto. *See* Second

Motion at 1-2. Included in the MTD are references to specific paragraphs contained in the Complaint, which was restricted from the public in the Kendall Action. Therefore, Ucore seeks to restrict the public's access to the same protected information.

With respect to Exhibits D and E, according to Ucore, the documents were already sealed by either the Canadian Court or a Utah State Court. Exhibits G and H are copies of agreements that involve the parties. The Second Motion does not illuminate if Judge Scott, Judge Kendall or the Canadian Court classified these documents as protected or sealed. Even without such clarity, it is clear the content of the agreements, as discussed in some of the paragraphs that are included in the Complaint, has been protected in at least the Kendall and Scott Actions. In turn, consistent with DUCivR 5-3(a)(1), the Second Motion is granted because of the prior court orders protecting the documents.

C. Third Motion.

The Third Motion somewhat closely mirrors the Second Motion in that IBC seeks protection of information that has already been protected or otherwise sealed by other courts. DUCivR 5-3(a)(1) permits this court to continue to restrict the public's access to documents that were previously protected by a prior court order. This situation is present here. Therefore, the Third Motion is granted.

**ORDER**

Having considered the Motions and arguments therein, IT IS HEREBY ORDERED:

1. The First Motion, ECF No. 3, is GRANTED. However within five (5) days of this Order, IBC shall file a redacted version of the Complaint redacting only the specific information that is truly deserving of protection. Furthermore, any information contained in the

Complaint that is already in the public sphere should remain unredacted. The redacted Complaint will be version for public record. IBC does not need to file a motion for leave to seal in conjunction with filing the redacted version of the Complaint.

     2.     The Second Motion, ECF No. 7, is GRANTED.

     3.     The Third Motion, ECF No. 19, is GRANTED.

SO ORDERED this 17th day of June, 2019.

_____
Dustin B. Pead
*United States Magistrate Judge*