IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IBC ADVANCED TECHNOLOGIES, INC. & STEVEN R. IZATT,<br><br>Plaintiffs,<br>v.<br><br>UCORE RARE METALS, INC., JIM MCKENZIE, and PETER MANUEL,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 2:19-cv-222 HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) from District Judge Howard C. Nielson. (ECF No. 26.) This matter is before the court on Plaintiffs' Motion for Leave to File Amended Complaint. (ECF No. 43.) Plaintiffs have added a party to its Amended Complaint as well as several additional causes of action. The motion is fully briefed and the court has carefully reviewed the moving papers submitted by the parties. Pursuant to DUCivR 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

**BACKGROUND**

Plaintiff IBC Advanced Technologies, Inc., a privately held corporation incorporated under the laws of Utah, and Defendant Ucore Rare Metals, Inc., a company incorporated under the laws of Alberta, Canada, entered into a series of contracts to explore business interests.[1] Among these agreements were a confidentiality agreement, a research agreement, a cooperating agreement and an option agreement. *See* Complaint pp. 8-26. As is sometimes the case, things

---

[1] Defendant Jim McKenzie is President and CEO of Ucore and Peter Manuel is Ucore's Vice president and Chief Financial Officer. Both Mr. McKenzie and Mr. Manuel reside in Canada.

did not go as planned between the parties and they ended up in court in Nova Scotia, Canada. Plaintiffs challenged jurisdiction in the Canadian court and after losing that challenge, Plaintiffs filed two suits in the Utah state courts against Defendants. One complaint is based in tort and the other based in contract. On April 3, 2019, Ucore removed the contract action to federal court. The other suit remains in state court (Utah state court case). In the federal action here, Plaintiff brings multiple causes of action including, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, multiple fraud claims, unjust enrichment and breach of fiduciary duties. Ucore allegedly breached the parties' contracts by among other things, disclosing confidential information and using trademarks without authorization.

On February 27, 2019, Defendants sought to dismiss the Utah state court case for lack of personal jurisdiction. Defendants argued the claims were based on non-Utah conduct and therefore, Utah lacked jurisdiction over the claims. Utah state court judge Laura Scott agreed with Defendants and found the Utah state court lacked general and specific jurisdiction over the individual defendants. The Utah court also found it lacked general jurisdiction and specific jurisdiction over Ucore. Following Judge Scott's oral ruling that the Utah courts lacked jurisdiction, Plaintiffs requested leave to file an amended complaint. Judge Scott denied this motion. In rejecting the state court motion to amend, Judge Scott found it was untimely, that Plaintiffs failed to offer any justification for not including the proposed claims in the original Complaint, and that Defendants would be prejudiced by allowing the amended complaint. Judge Scott also cited to this case as reasoning for denying the Motion to Amend. The "proposed claims – or similar versions of these claims – were already being asserted in the Federal Action." Utah State Court decision p. 13, attached as Ex. C to Def.s' Op, [ECF No. 58-3](). Additionally, Judge Scott found Defendants were prejudiced because they were already "defending the Federal

Action, where Plaintiffs have asserted similar claims against the same parties based on the same alleged wrongdoing." *Id.* p. 13-14. Judge Scott determined that justice is not served by forcing Defendants to "defend the same claims at the same time in two different forums." *Id.* p. 14. And finally, the proposed Amended Complaint would still be futile because the Utah state court lacked jurisdiction over any of the Defendants. Plaintiff's state case was accordingly dismissed without prejudice and on October 18, 2019, Plaintiffs appealed Judge Scott's decision to the Utah Court of Appeals. That appeal is still pending.

Further relevant to this case is Plaintiffs representation. Plaintiffs state that if they "are permitted to amend their claims in this Court, … Plaintiffs plan to withdraw their appeal and fully litigate all claims in one court before one judge, just as Plaintiffs had planned before Ucore decided to litigate the first case in state court and remove this case to federal court." Reply pp. 6-7, ECF No. 61.

## DISCUSSION

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The procedural posture of this case creates a fairly unique situation. Seemingly at odds here are legal doctrines that seek to aid the integrity of the legal process: jurisdiction, res

judicata, collateral estoppel and judicial estoppel. Defendants argue leave to amend is futile here because of Judge Scott's decision in the state case regarding personal jurisdiction. "Judge Scott's ruling that Utah lacks jurisdiction over IBC's claims is res judicata on the issue of personal jurisdiction over these claims in Utah." (ECF No. 60 p. 5.) Defendants argue the factors for res judicata are satisfied here.[2] Defendants further take issue with the timeliness of Plaintiffs motion, argue it evidences bad faith, is prejudicial and poses a risk of duplicative litigation because Plaintiff "appealed Judge Scott's Order" (ECF No. 60 p. 11.) and that appeal is still pending.

In stark contrast to Defendants reliance on res judicata, Plaintiffs rely on the doctrine of judicial estoppel, arguing Defendants should be estopped from taking contrary positions. In the state court proceedings Defendants argued the state court "should defer to the federal district court where the newly alleged facts have been pending for nearly six months" and "plaintiffs can walk across the street and ask for leave in the already pending case to amend their complaint to account for any non-duplicative claims." Def.s' Op p. 8 filed in the state case, attached as exhibit 1 to Plaintiffs' reply, ECF No. 61-1. Now, presumably according to Plaintiffs, this is exactly what they have done—walked across the street and sought to amend their complaint. Thus, the court should reject Defendants contrary arguments. The court now turns to the parties' arguments.

## I. Judicial Estoppel is not appropriate in this case

Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply

---

[2] "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Restaurants, Inc*., 124 F.3d 1255, 1257 (10th Cir. 1997).

because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895)). Judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." P*egram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000); *see* 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory"). Judicial estoppel "is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." *Russell*, 893 F.2d at 1037.

Although the circumstances under which judicial estoppel is invoked are unlikely to be reducible to a general formulation or principle, *see Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982), several factors provide guidance. First, a party's later position must be "clearly inconsistent" with its earlier position. *See New Hampshire*, 532 U.S. at 750; *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999). Second, "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *New Hampshire*, 532 U.S. at 750 (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). In essence, the second factor is concerned with

5

the threat to judicial integrity. Third, courts look to "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. Importantly, these factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.*

Plaintiffs argue all these factors weigh in the favor of judicial estoppel. The court, however, is not convinced. A careful reading of Judge Scott's decision shows concern with having duplicative claims in both the state and federal actions. Defendants success in persuading Judge Scott about such concerns, and arguing those same concerns are also present here, does not create a perception that either this court or the state court was misled. Rather, the concern of duplicative claims in both state and federal court is valid. Thus, factor two weighs against invoking judicial estoppel.

Perhaps most importantly, there is not an unfair advantage by Defendants in the arguments they assert. An overriding concern in the court's view, is the fact that Plaintiffs originally chose to file two separate lawsuits in state court. One sounding in tort and the other in contract. Plaintiffs provide that if they "are permitted to amend their claims in this Court, … Plaintiffs plan to withdraw their appeal and fully litigate all claims in one court before one judge, just as Plaintiffs had planned before Ucore decided to litigate the first case in state court and remove this case to federal court." Reply pp. 6-7, ECF No. 61. Plaintiffs' representation rings hollow in light of Plaintiffs actions. If "Plaintiffs had planned" to litigate all claims in one court from the start, then the court questions why two separate actions were filed in state court. Plaintiffs choice of dividing the actions appears to be a strategic decision. And now, having seen drawbacks to that strategy, it is not appropriate to hit the redo button and start over. Invoking

6

judicial estoppel would essentially do just that. Thus, the third factor weighs heavily against judicial estoppel.

Having determined that judicial estoppel is not appropriate under the circumstances of this case, the court turns to the preclusive effects of Judge Scott's decision.

**II.     Collateral Estoppel (also known as issue preclusion) is applicable**

Defendants assert res judicata or claim preclusion is applicable here. A review of relevant Tenth Circuit case law, however, indicates that it is more proper to apply collateral estoppel or issue preclusion. In *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203 (10th Cir. 2001), the Tenth Circuit considered whether collateral estoppel applied. Plaintiff originally filed a complaint in the United States District Court for the District of Puerto Rico. The Puerto Rico district court dismissed for lack of personal jurisdiction. Rather than appeal that decision, the plaintiff next filed a complaint in the United States District Court for the District of Kansas. The defendant argued the claims were barred by collateral estoppel and the Kansas district court agreed granting a motion for summary judgment.

On appeal, the Tenth Circuit agreed that dismissal of the complaint in Puerto Rico for lack of personal jurisdiction did not constitute a final adjudication on the merits. The court, however, rejected the plaintiff's argument that "a dismissal for lack of personal jurisdiction does not operate as an adjudication upon the merits and thus has no preclusive effect." *Id.* at 1209. The court noted:

> In making this argument, [plaintiff] confuses res judicata (also known as "claim preclusion") with collateral estoppel (also known as "issue preclusion"). Although the dismissal for lack of personal jurisdiction in the Puerto Rico district court does not have res judicata effect, it does have collateral estoppel effect, preventing the relitigation of issues decided in the Puerto Rico district court. A leading commentator explains the concept as follows:

> "Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.... The provision in Rule 41(b) that dismissal for lack of jurisdiction does not operate as an adjudication on the merits is not intended to change this result." 18 Charles Alan Wright et al., Federal Practice and Procedure § 4436 (1981). *Id.*

Therefore, a "jurisdictional dismissal precludes only the relitigation of the ground of that dismissal, and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect." *Id.* (citation omitted).

In similar fashion, the Tenth Circuit concluded in *Stewart Securities Corp. v. Guaranty Trust Co.*, 597 F.2d 240, 241 (10th Cir. 1979), that collateral estoppel prevented a party from relitigating an issue critical to jurisdiction that had been previously decided in a prior suit dismissed for lack of jurisdiction. And in *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004), the Tenth Circuit rejected the argument that a jurisdictional dismissal can have no preclusive issue effect. Rather, "dismissals for lack of jurisdiction "'preclude relitigation of the issues determined in ruling on the jurisdiction question.'" *Id.* (quoting *Matosantos*, 245 F.3d at 1209)) (citation omitted).

With this backdrop, the court finds that collateral estoppel is applicable here.[3] A jurisdictional dismissal can have preclusive effect on Plaintiffs' proposed Amended Complaint. In opposition to Plaintiffs' motion, Defendants set forth a chart detailing the significant overlap between the Utah state court complaint and the proposed Amended Complaint.

| **Dismissed Utah State Court Complaint** | **Proposed Amended Complaint** |
|---|---|
| Trade Secret Misappropriation – State Court Cause of Action 1 | Trade Secret Misappropriation – Causes of Action 7 and 8. |

---

[3] "In this Circuit, application of collateral estoppel requires: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

8

| Trademark Infringement – State Court Cause of Action 2 | Trademark Infringement - Causes of Action 9, 10, 11, 12, and 14 |
|---|---|
| Unfair Competition – State Court Cause of Action 3 | Unfair Competition - Causes of Action 13 and 15 |
| Defamation – State Court Cause of Action 4 | Defamation - Cause of Action 18 |
| Tortious Interference – State Court Cause of Action 6 | Tortious Interference - Cause of Action 19 |

Defendants comparison is well taken. Although there are some minor differences between the Utah state court complaint and the proposed Amended Complaint, the allegations are the same and the claims are essentially identical. Thus, it would be futile to allow Plaintiffs to amend their federal Complaint with matters already decided by the state court. Futility of amendment is a proper basis to deny Plaintiffs leave to amend. See *Frank*, 3 F.3d 1357, 1365.

In addition, the court shares the same concern with the state court, that of a duplication of claims in both actions. Forcing Defendants to defend the same or substantially similar claims in both state court and federal court is prejudicial and a waste of judicial resources. Plaintiffs could have included the proposed new claims in the original complaint and simply failed to do so. An adverse ruling in the state court case does not provide adequate grounds to bring those claims to federal court even if this court could exercise pendent jurisdiction. See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (discussing the bases of pendent jurisdiction). And, exercising pendent jurisdiction over claims that the state court declined to do so because of a lack of personal jurisdiction is particularly troubling. See *Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167, 1171–72 (D. Utah 2016) ("When a court has specific personal jurisdiction over only some of a plaintiff's claims, the doctrine of pendent personal jurisdiction <u>may allow</u> the court to exercise personal jurisdiction over the remaining claims.") (emphasis added).

Finally, Plaintiffs request in the alternative, that the court grant them "leave to file an amended complaint that exclude[s] claims asserted in the state case." (ECF No. 61 p. 10.) The court has no way to discern exactly what this proposed amended complaint would consist of and Plaintiffs offer no authority to allow such an amended complaint. This request therefore is also denied.

## ORDER

For the aforementioned reasons Plaintiffs' Motion to Amend is DENIED.

IT IS SO ORDERED.

DATED this 23 December 2019.

Dustin B. Pead
United States Magistrate Judge