IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IBC ADVANCED TECHNOLOGIES, INC., and STEVEN R. IZATT, <br><br> Plaintiffs, <br> v. <br><br> UCORE RARE METALS INC., JIM MCKENZIE, and PETER MANUEL, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH <br><br> Case No. 2:19-CV-222 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiffs, IBC Advanced Technologies, Inc. and Steven Izatt, move the court to quash subpoenas issued by Defendant Ucore Rare Metals Inc. (ECF No. 170.) Rule 45 of the Federal Rules of Civil Procedure provides that a court may quash or modify a subpoena if it requires disclosing a trade secret or imposes an undue burden or expense. The court is not persuaded that the subpoenas should be quashed and therefore will deny the motion.[1]

BACKGROUND

Plaintiff IBC and Defendant Ucore entered into a series of contracts to explore business interests. The venture did not go as planned and the parties first ended up in court in Nova Scotia, Canada. In the current action here before this court, Plaintiff brings multiple causes of action including, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, multiple fraud claims, unjust enrichment and breach of

---

[1] The matter is referred to the undersigned from Judge Nielson pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 30.) The court has carefully reviewed the parties' memoranda and will decide the motions on the basis of the written memoranda. See DUCivR 7-1(f).

fiduciary duties. Ucore allegedly breached the parties' contracts by among other things, disclosing confidential information and using trademarks without authorization.

On October 6, 2020, Ucore filed a Notice of Intent to Serve Subpoenas and sought to serve them on October 9, 2020.[2] Some of the subpoenas did not comply with Rule 45's distance requirement of 100 miles of where a person resides, and Defendant agreed to resolve those problems. The remaining subpoenas are at issue in this motion.

## DISCUSSION

Federal Rule of Civil Procedure 45 sets forth requirements for the issuance of subpoenas. It provides that the party or attorney issuing and serving a "subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court may quash or modify a subpoena if it requires the disclosure of a "trade secret, or other confidential research, development, or commercial information." *Id.* (d)(3)(B)(i). The court should also take into consideration any undue burden or expense on a person subject to a subpoena. "When a court is confronted with a motion to quash [a broad] subpoena, its duty is not to deny any discovery, but to reduce the demand to what is reasonable, considering the discoverer's needs and the discoveree's problems." *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560 (7th Cir. 1984). Thus, rather than quashing a subpoena in its entirety, the court must determine whether a request may be modified as allowed by Rule 45(d)(3).

---

[2] The Subpoenas request:

> All correspondence from or to IBC or its officers or directors concerning Ucore, the agreements between IBC and Ucore, and the litigation between IBC and Ucore;
> All documents sent to or received from IBC or its officers or directors concerning Ucore, the agreements between IBC and Ucore, and the litigation between IBC and Ucore;
> All shareholder agreements, shareholder resolutions, or IBC resolutions concerning concerning Ucore, the agreements between IBC and Ucore, and the litigation between IBC and Ucore.
> Any documents concerning your sale of any shares of IBC.

(ECF No. 163.)

Here, Plaintiff first argues that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). The subpoenas were served on October 9, 2020 and, as of that date, a scheduling order had not been entered. Because the court entered a scheduling order on October 29, 2020, this argument is now moot. Moreover, the rules state that a "party may not seek discovery form any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). The record indicates the parties had conferred and drafted an attorney planning meeting report prior to October 9, 2020. Contrary to Plaintiffs' assertion, the Rules require the parties to confer prior to discovery, the Rules do not require the entry of a scheduling order.

Plaintiffs next point to the need to quash a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. Plaintiffs argue the "entities are subject to confidentiality agreements and possess trade secrets unrelated to this disputes." Mtn. p. 2. This argument is without merit. First, those items unrelated to this dispute would not be subject to the subpoena request as they are irrelevant. Most importantly though, the information produced is subject to the court's Standard Protective Order that is already in place in this case. *See* DUCivR 26–2(a)(1) ("The Standard Protective Order is effective by virtue of this rule and need not be entered in the docket of the specific case."). The Standard Protective Order provides that it "shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of [the Standard] Protective Order." Standard Protective Order p. 1.[3] The Standard Protective Order further provides that any party may designate information as "CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY." *Id*. In the

---

[3] The Standard Protective Order is available on the court's website at https://www.utd.uscourts.gov/usdc-forms. Last accessed on October 29, 2020.

court's view, the ability to designate any sensitive, confidential, and proprietary information produced by way of the Subpoenas in such a manner provides adequate protection to avoid any concerns Plaintiffs have about inappropriate disclosure of the information.

Plaintiffs also argue that the subpoenas should be quashed because they are "overly broad, unduly burdensome, and not proportional." Mtn. p. 2. Even presuming Plaintiffs have standing to challenge the subpoenas issued to other parties based on privilege or a personal right, *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D.Kan.1999) (noting a motion to quash "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena"), they lack standing to object on the basis of undue burden, overly broad, or relevance grounds. *Dallas Buyers Club, LLC v. John Does 1-20*, 2014 WL 5326460, at *2 (D. Colo. Oct. 17, 2014) ("even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden"); *Zoobuh, Inc. v. Rainbow Int'l Corp.*, 2015 WL 2093292, at *2 (D. Utah May 5, 2015) ("a party lacks standing to challenge the subpoena on overly broad and relevance grounds").

Finally, Plaintiffs assert no Hague Evidence Request, or letters rogatory, have been provided for any foreign parties. Ucore, however, states that it has not served any foreign entities or parties and will comply with international when it does issue those subpoenas. Thus, this argument is at best premature and currently inapplicable.

Plaintiffs' motion is therefore DENIED.

DATED this 2 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge